IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNAMARIE DELBANE, ) | |
| ) | C.A. No. 2:12-cv-01223-TFM |
| Plaintiff, ) | |
| v. ) | |
| ROCHESTER MANOR, KOPSACK ) | |
| ASSOCIATES, INC., JOAN COVERT- ) | |
| ADKINS and SUE MARSHONDA, ) | |
| ) | |
| Defendants. | |

## MOTION TO STAY PROCEEDINGS PENDING
## RESOLUTION OF MOTION FOR RULE 11 SANCTIONS

Defendants Rochester Manor,[1] Kopsack Associates, Inc., Joan Covert-Adkins and Sue Marchionda (incorrectly named as "Marshonda") ("Defendants"), through the undersigned counsel, Cohen & Grigsby, P.C., and pursuant to this Honorable Court's Chamber Rules, file the following *Motion To Stay Proceedings Pending Resolution of Motion for Rule 11 Sanctions*, stating as follows:

1. On or about October 12, 2012, Plaintiff filed the two-count First Amended Civil Complaint (hereinafter the "Third Complaint") in the above-captioned action seeking damages based on purported willful violations of the Family and Medical Leave Act (FMLA). (Dkt Entry # 14)

2. On January 3, 2013, the Court issued a Case Management Order. (Dkt Entry # 24) The Court issued an order on March 1, 2013 (Dkt Entry # 29) extending the dates set forth in the January 3, 2013 Case Management Order.

3. On April 30, 2013, Defendants filed a Motion for Rule 11 Sanctions, seeking in part, dismissal with prejudice of Count I of Plaintiff's Third Complaint based on, among other

---

[1] Kopsack Associates, Inc. is d/b/a Rochester Manor and therefore, the naming of Rochester Manor as an independent defendant is improper.

things, the fact that Plaintiff erroneously and falsely alleged the occurrence of a September 2009 "brain surgery" – the purported serious underlying health condition at the heart of her alleged intermittent FMLA request in September of 2009 at the time of her alleged termination, i.e., Count I. (Dkt Entry # 30) The foregoing allegation appeared, for the very first time, in the Third Complaint in direct response to Rochester Manor's Motion to Dismiss Count I for, among other things, failing to identify the underlying serious health condition at issue. As Defendant's Rule 11 Motion points out, Plaintiff admits in her own interrogatory answers that no brain surgery ever occurred in September of 2009.

4. Should the Court dismiss Count I, no discovery related to the nature and circumstances surrounding Plaintiff's alleged unlawful termination will be necessary. Specifically, discovery related to allegations contained in Paragraphs 31 through 64 related to the alleged unlawful termination claim will be rendered obsolete including, but not necessarily limited to, whether Plaintiff satisfied the notice and other FMLA requirements to establish a willful FMLA violation on or about the date of her termination,

5. In addition, without Count I, the sole remaining issue in the case will be limited to whether Defendants willfully violated the FMLA by changing Plaintiff's position from Director of Admissions in Medicaid Services to Unit Clerk – notwithstanding evidence that Plaintiff's compensation and benefits remained unchanged.

6. Defendants hereby seek a stay of the proceedings pending the Court's ruling on Defendants' Motion for Rule 11 Sanctions, because a dismissal of Count I of Plaintiff's Third Complaint would significantly reduce the nature and scope of discovery necessary in this case. A dismissal of Count I would also significantly reduce any potential damages that Plaintiff could

be entitled to recover in this case and would affect the nature and scope of the Early Neutral Evaluation.

7. No prejudice would result to the parties should the Court grant the within request.

8. To the contrary, a stay of the proceedings pending the resolution of the Motion for Rule 11 Sanctions could save the parties needless and extensive work, costs and fees.

9. In light of the foregoing, Defendants respectfully ask that the Court issue a stay of the January 3, 2013 Case Management Order and March 1, 2013 Order pending resolution of the Motion for Rule 11 Sanctions, and set forth new deadlines after resolution of the Motion for Rule 11 Sanctions.

WHEREFORE, Defendants respectfully request that this Court grant the foregoing *Motion for Stay of Proceedings Pending Resolution of Motion for Rule 11 Sanctions.*

Respectfully submitted,

/s/ *Marie I. Rivera-Johnson*
James B. Brown
Pa. I.D. No. 00436

Jennifer S. Park
Pa. I.D. No. 87733

Marie I. Rivera-Johnson
Pa. I.D. No. 201467

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
412-297-4907 / 412-394-4010 (Fax)

Attorneys for Defendants Rochester Manor, Kopsack Associates Inc., Joan Covert-Adkins and Sue Marchionda

Dated: May 14, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2013, a true and correct copy of the foregoing *Motion to Stay Proceedings Pending Resolution of Motion for Rule 11 Sanctions* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Marie I. Rivera-Johnson*