IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNAMARIE DELBANE, | ) | |
| | ) | C.A. No. 2:12-cv-01223-TFM |
| Plaintiff, | ) | |
| v. | ) | |
| ROCHESTER MANOR, KOPSACK | ) | |
| ASSOCIATES, INC., JOAN COVERT- | ) | |
| ADKINS and SUE MARSHONDA, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' SECOND MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS**

Defendants Rochester Manor, Kopsack Associates, Inc., Joan Covert-Adkins and Sue Marchionda (incorrectly named as "Marshonda"), through the undersigned counsel, hereby file this *Second Motion to Stay Proceedings Pending Resolution of Motion for Rule 11 Sanctions*:

1. On or about May 14, 2013, Defendants filed a *Motion to Stay Proceedings Pending Resolution of Motion for Rule 11 Sanctions* (the "Motion to Stay"). (Dkt. Entry No. 33)

2. The Motion to Stay sought a stay of proceedings including, but not necessarily limited to, a stay of the discovery and ENE deadlines, pending resolution of Defendants' Rule 11 Motion.

3. In the Motion to Stay, Defendants argued, among other things, that should Court dismiss Count I in accordance with their Rule 11 Motion, no discovery related to the nature and circumstances surrounding Plaintiff's alleged unlawful termination will be necessary. Specifically, discovery related to allegations contained in Paragraphs 31 through 64 related to the alleged unlawful termination claim will be rendered obsolete including, but not necessarily limited to, whether Plaintiff satisfied the notice and other FMLA requirements to establish a willful FMLA violation on or about the date of her termination. (Id.)

1

4. Defendants further argued that without Count I, the sole remaining issue in the case will be limited to whether Defendants willfully violated the FMLA by changing Plaintiff's position from Director of Admissions in Medicaid Services to Unit Clerk – notwithstanding evidence that Plaintiff's compensation and benefits remained unchanged. (Id.)

5. To date, the Court has not yet ruled on the original Motion to Stay as well as the pending Rule 11 Motion.

6. On June 3, 2013, the Court ordered Plaintiff to file a sur-reply to Defendants' Rule 11 Motion by June 10, 2013.

7. The deadline for Early Neutral Evaluation (ENE) is June 14, 2013. (Dkt Entry No. 29).

8. The current discovery deadline is July 3, 2013. (Id.)

9. Plaintiff has failed to respond to Defendants' request for Plaintiff's availability to schedule ENE – despite repeated attempts. See Email from M. Rivera to T. Kolman dated June 3, 2013, attached hereto as *Exhibit A*.

10. The selected Evaluator is now unavailable to complete the ENE by the current deadline of June 14, 2013.

11. In the meantime, Plaintiff has demanded deposition dates for no fewer than nine (9) of Defendant Rochester Manor's current and former employees in June of 2013 – the examination of which will no doubt encompass Plaintiff's allegations with respect to Count I unless the Court dismisses it pursuant to the pending Rule 11 Motion. Defendants intend to

depose, at a minimum, Plaintiff and her treating physicians – the scope of which depends on the outcome of the Rule 11 Motion.[1]

12. On June 4, 2013, Plaintiff also filed her own Motion for Sanctions and corresponding brief against Defendants' counsel arising out of or related to Defendants' Rule 11 Motion. (Dkt Entry Nos. 40-41)

13. Because the resolution of the pending Rule 11 motions may resolve one or more substantial issues related to the case, the Evaluator is unavailable to conduct ENE on or before the current ENE deadline of June 14th, and the parties are in the midst of scheduling depositions, Defendants hereby respectfully reiterate their original request for a limited stay of proceedings including, ENE and discovery, until the Court rules on Defendant's Rule 11 Motion – and Plaintiff's just filed Rule 11 Motion against Defendants related thereto in accordance with the proposed Order attached hereto.

14. No prejudice to the parties will result should the Court grant this Motion because the Evaluator is unavailable to conduct an ENE session on or before June 14, 2013, and both parties have expressed an intent – and are currently attempting – to schedule depositions in this case, which would provide for a more meaningful ENE session.

---

[1] Plaintiff has identified approximately forty (40) purported health care providers without identifying the nature and purpose of the alleged treatment provided to Plaintiff. In her verified interrogatory answers, Plaintiff contends that her brain surgery actually occurred in 2010 – a year after her termination – and, therefore, no notice of leave was provided or required. Defendants should not be required to obtain and review the records of potentially dozens of providers who may relate to the wholly irrelevant, alleged brain surgery of Plaintiff in 2010 in the wake of Plaintiff's own admissions.

15.     Defendants attempted to seek a stipulation encompassing the within matters but received no response by the time of filing this Motion.

                                                      Respectfully submitted,

/s/ *Jennifer S. Park*
James B. Brown
Pa. I.D. No. 00436

Jennifer S. Park
Pa. I.D. No. 87733

Marie I. Rivera-Johnson
Pa. I.D. No. 201467

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA  15222-3152
412-297-4907 / 412-394-4010 (Fax)

Attorneys for Defendants Rochester Manor, Kopsack Associates Inc., Joan Covert-Adkins and Sue Marchionda

Dated:   June 4, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June 2013, a true and correct copy of the foregoing *Defendants' Second Motion to Stay Proceedings Pending Resolution of Rule 11 Sanctions* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                          <u>    Jennifer S. Park        </u>