IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNAMARIE DELBANE,<br>   Plaintiff,<br><br>   v<br>ROCHESTER MANOR, KOPSACK ASSOCIATES, INC., JOAN COVERT-ADKINS and SUE MARSHONDA,<br>   Defendants. | )<br>)<br>)<br>) 2:12-cv-1223<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Now pending before the Court are DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (ECF No. 30), with brief in support; the MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS (ECF No. 33) filed by Defendants Kopsack Associates, Inc. d/b/a Rochester Manor, Joan Covert-Adkins and Sue Marchionda; the MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. § 1927 AGAINST ALL DEFENDANTS, JAMES B. BROWN, ESQUIRE, JENNIFER S. PARK, ESQUIRE AND MARIE I. RIVERA-JOHNSON, ESQUIRE (ECF No. 40), with brief in support, filed by Plaintiff Annamarie Delbane; DEFENDANTS' SECOND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS (ECF No. 42); and PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' "SECOND" MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS (ECF No. 43). Counsel for Plaintiff filed responses in opposition to Defendants' motions and has submitted a personal affidavit and a Certification of Health Care Provider. The motions have been exhaustively briefed and are ripe for disposition even though Defendants have not responded directly to the motions filed by Plaintiff at ECF Nos. 40 and 43.

Motions for Rule 11 Sanctions

Delbane has attempted to assert Family Medical Leave Act ("FMLA") claims against Defendants on several occasions. On October 12, 2012 she filed a two-count First Amended Complaint which asserts claims for: (1) willful violation of the FMLA based on the termination of her employment on September 29, 2009; and (2) willful violation of the FMLA based on her demotion from Director of Admissions in Medicaid Services to a Unit Clerk position on August 24, 2009. Paragraph 31 of the First Amended Complaint avers: "Plaintiff underwent brain surgery in September of 2009 and required intermittent FMLA leave while recovering from same." Defendants filed an Answer and discovery is set to close on or before July 3, 2013.

Defendants contend that Plaintiff made a materially false allegation in the First Amended Complaint – namely, that she had "brain surgery" in 2009 – in order to avoid dismissal of Count I. During discovery, Delbane conceded that her brain surgery had occurred in September 2010, almost a year after her employment had been terminated. Defendants ask the Court to dismiss Count I with prejudice as a Rule 11 sanction. On April 3, 2013, defense counsel sent a letter to Kolman, to give notice of their intent to file a Rule 11 motion (the "Notice Letter"). Kolman did not respond to the letter. Accordingly, on April 30, 2013, Defendants filed the instant motion.

Plaintiff's counsel Timothy Kolman acknowledges that the reference to "brain surgery" was in error. Kolman represents that the error was inadvertent and that the complaint should have referred to "leukemia." In support, Kolman submits a certification from Grace Tarabay dated December 3, 2008 which states that Delbane has chronic myelogenic leukemia. Kolman also explains that he was unable to respond promptly to the Rule 11 Notice Letter because he had been out of the country in February-March 2013 to care for his elderly parents during the serious

illness and death of his mother.  Kolman avers that he attempted to explain, correct and resolve the error with defense counsel shortly after the Rule 11 motion was filed, but without success.

Dismissal of a claim with prejudice is a severe sanction which runs counter to the general preference that claims be decided on their merits.  *See Knoll v. City of Allentown,* 707 F.3d 406 (3d Cir. 2013); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984).  Kolman has provided a colorable explanation for his apparent misconduct.  The Court concludes that Rule 11 sanctions are not warranted under the facts and circumstances of this case.  The Court expresses no opinion as to the merits of Delbane's claims.

The Rule 11 Motion filed by Kolman is entirely without merit and appears to be retaliatory.  Defendants were justified in filing their Rule 11 motion, due to the clear factual error made by Plaintiff and the lack of any timely response to the Notice Letter.

In accordance with the foregoing, DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (ECF No. 30) is **DENIED**; and the MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. § 1927 AGAINST ALL DEFENDANTS, JAMES B. BROWN, ESQUIRE, JENNIFER S. PARK, ESQUIRE AND MARIE I. RIVERA-JOHNSON, ESQUIRE (ECF No. 40) is **DENIED.**

Motions for Stay

There are numerous case management deadlines which expire in the near future, including a discovery cutoff date of July 3, 2013.  In addition, Defendants report that the selected evaluator is not available prior to the deadline of June 14, 2013 for the parties to conduct an Early Neutral Evaluation ("ENE").  Thus, it was proper for Defendants to seek relief from these deadlines by way of written motions.

Upon due deliberation, a very limited extension of time will be granted. The parties shall have until July 12, 2013 to complete discovery and to conduct the ENE. <u>NO FURTHER EXTENSIONS WILL BE GRANTED</u>. The Court wishes to emphasize to counsel for both sides that they must engage FORTHWITH in professional, courteous and cooperative efforts to schedule and complete discovery in this case. In particular, Plaintiff's counsel must immediately provide dates on which he and his client are available to conduct the ENE.

In accordance with the foregoing, the MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS (ECF No. 33) and DEFENDANTS' SECOND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS (ECF No. 42) are **GRANTED.** The parties shall have until July 12, 2013 to complete discovery and to conduct the ENE. PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' "SECOND" MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR RULE 11 SANCTIONS (ECF No. 43) is **DENIED**.

SO ORDERED this 11th day of June, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   **Timothy M. Kolman, Esquire**
Email: timothykolman@earthlink.net
**Laura M. Siegle, Esquire**
Email: lsiegle@kolmanlaw.net
**James B. Brown, Esquire**
Email: jbrown@cohenlaw.com
**Jennifer S. Park, Esquire**
Email: jpark@cohenlaw.com
**Marie I. Rivera Johnson, Esquire**
Email: mriverajohnson@cohenlaw.com